**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **OHVA, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Unified Payments, LLC,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff OHVA, Inc. ("OHVA"), through its attorney, Isaac Rabicoff, complains of Unified Payments, LLC, ("Unified Payments"), and alleges the following:

### PARTIES

1.     Plaintiff OHVA, Inc. is a corporation organized and existing under the laws of California and maintains its principal place of business at 3 Hangar Way, Suite D, Watsonville, CA 95076.

2.     Defendant Unified Payments, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 3363 NE 163rd Street, Suite 705, North Miami Beach, FL 33160.

### JURISDICTION

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Unified Payments because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Unified Payments resides in this District as it is incorporated in Delaware and provides its full range of products to residents in this District. As described below, Unified Payments has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Unified Payments has committed acts of patent infringement in this District and is incorporated in the State of Delaware. In addition, OHVA has suffered harm in this district.

**THE PATENT-IN-SUIT**

7.      OHVA is the assignee of all right, title and interest in United States Patent No. 9,679,286 (the "'286 Patent" or the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '286 Patent. Accordingly, OHVA possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Unified Payments.

**<u>The '286 Patent</u>**

8.      On June 13, 2017, the United States Patent and Trademark Office issued the '286 Patent. The '286 Patent is titled "Methods and Apparatus for Enabling Secure Network-Based Transactions." The application leading to the '286 Patent was filed on March 3, 2015, which was a continuation of U.S. application number 14/524,842, which was filed on October 27, 2014; which was a continuation of U.S. application number 11/533,030; which claims priority from provisional application number 60/719,273. A true and correct copy of the '286 Patent is attached hereto as Exhibit A and incorporated herein by reference.

2

9.    The '286 Patent is valid and enforceable.

10.    The inventors recognized that there was a need for improving the means by which transactions occur over the internet by creating an inexpensive apparatus to read integrated circuit cards as well as a more secure client/server method of transmitting secure authentication data over a network. Ex. A, 1:33–61.

11.    The invention in the '286 Patent greatly improved the means by which transactions occur over the internet by creating an inexpensive smartphone peripheral that is capable of reading integrated circuit cards as well as a method of securely authorizing the transaction through such a peripheral via the internet. *Id.* at 1:65–2:67.

### KNOWLEDGE OF INFRINGEMENT

**The Pre-Suit letter imparted actual knowledge of infringement to Unified Payments**

12.    Blackbird Technologies LLC ("Blackbird"), under a contract agreement with OHVA, informed Unified Payments, by mail on October 5, 2018, that Unified Payments' Unified Mobile POS was covered by at least Claim 1 of the '286 Patent.

13.    Blackbird described exactly how the Unified Mobile POS infringed through a preliminary infringement analysis.

14.    As of the filing date of this action, Unified Payments has continued to sell Unified Mobile POS card readers covered at least by Claim 1 of the '286 Patent.

### COUNT I: INFRINGEMENT OF CLAIM 1 OF THE '286 PATENT

15.    OHVA incorporates the above paragraphs herein by reference.

16.    **Direct Infringement.** Unified Payments has been and continues to directly infringe at least Claim 1 of the '286 Patent in this District and elsewhere in the United States using the system of Claim 1: "[a]n apparatus." For example, Unified Payments' Unified Mobile

POS is an apparatus that connects to a user's smartphone via the microphone port. *See* https://unifiedpayments.com/mobile-pos/; webpage attached hereto as Exhibit B, Figure 1.



*Figure 1. Unified Payments' Unified Mobile POS is an apparatus that connects to users' smartphone via their microphone port.*

17.     Unified Payments' Unified Mobile POS includes Claim 1(a): "a card reader having an input interface configured to accept transaction data from an output interface of a transaction card, and an output pin, as a part of the card reader, configured to directly connect the card reader to a microphone port of a smart telephone, the card reader providing the transaction data accepted from the output interface of the transaction card to the output pin, and hence to the microphone port, as an analog variable voltage audio signal." For example, Unified Payments' Unified Mobile POS card reader has an input interface (i.e., slots for magnetic stripe cards) that accepts transaction data from the output interface of a credit card. Additionally, the card reader connects to a smartphone via audio jack to transfer the transaction data as an analog variable voltage audio signal. *See* Ex. B, Figure 2.



*Figure 2. Unified Payments' Unified Mobile POS has an input interface accepting transactions from the output interface of a credit card and connects to a smartphone via the microphone port.*

18.     Unified Payments' Unified Mobile POS includes Claim 1(b): "coded instructions stored in a non-transitory medium of a first Internet-connected server, and accessible by a user of the card reader." For example, the user's smartphone connects to Unified Payments' server over the internet via Unified Payments' mobile app. *See* https://itunes.apple.com/us/app/unified-mpos/id1107878914?mt=8; webpage attached hereto as Exhibit C, Figures 3-4.



*Figure 3. The user's smartphone connects to Unified Payments' server over the internet via the Unified Payments mobile app.*

- mPOS
o Process a quick payment, adjust tax/tip
o New order, scan or select product, apply discounts, search/enter new customer, enter order details, such as shipping information
o Process an offline transaction
- History
o Review your batches to reconcile finances
o Review all transactions
o Review all orders (opened, closed, cancelled)
- Products
o Enter new products, adjust tax, enter SKU, UPC, Vendor information and description
o Search products
- Customers
o Enter new customer information, phone number, e-mail, billing address
o Customer purchase history
o Search existing customers
- Settings
o Use Touch ID
o Autologin preferences
o Merchant can create several users of the mPOS with individual login credentials, define user permissions
- Payment acceptance
o Swipe or insert EMV bankcards
o Scan image of the card using back camera
o Accept customer signature on the screen
o Record cash sale for future reference
o E-mail or SMS receipt to the customer
o Send Invoice to your customer

In addition to all that functionality, each merchant, using our mobile POS will get free access to full merchant account reporting, accounting and analytics back office solution for small and medium size merchants. Variety of reporting tools along with easy to read and understand charts enables merchants to analyze their sales and improve performance. Bank account reconciliation has never been easier with our ACH transaction, Deposit, Retrieval, Chargebacks reports. Integrated UP Insights module is a business dashboard that gives merchants a 360 degree view of their business.

Download our free mobile POS app from AppStore, complete merchant account registration, attach photo of your ID and voided bank cheque, get approval confirmation within 24 hours. Once approved, order your Unified mPOS bankcard reader for $49 and start process bankcards right away. You will pay only 2.75% flat fee for all Visa, MasterCard, Discover, American Express and Apple Pay transactions. Each $10 sale brings $9.72 to your bank account in one to two business days. No monthly fees, no commitments, no hidden fees, cancel any time.

*Figure 4. The user's smartphone connects to Unified Payments' server over the internet via the Unified Payments mobile app.*

19.     Unified Payments' Unified Mobile POS includes Claim 1(c): "wherein the coded instructions, when executed on a processor in the smart telephone, convert the analog variable voltage audio signal received at the microphone port to the transaction data as digital data, establish direct data exchange between the smart telephone and a second Internet-connected server and facilitate transactions by a financial institution, or purchases from an online-merchant, using the transaction data." For example, Unified Payments' Unified Mobile POS card reader transfers the transaction data to the smartphone via the microphone port. The smartphone then

transfers the transaction data to the Unified Payments server, which facilitates transactions with a financial institution's server (i.e., a second Internet-connected server). *See* https://play.google.com/store/apps/details?id=com.unifiedpayments.mpos; webpage attached hereto as Exhibit D, Figure 5; *see also* Ex. C, Fig. 4.



*Figure 5. Unified Payments' server facilitates transactions with a financial institution's server once Unified Payments' server receives the transaction data from the user's smartphone.*

  20. **Induced Infringement.** Unified Payments has also actively induced, and continues to induce, the infringement of at least Claim 1 of the '286 Patent by actively inducing its customers, including merchants and end-users to use Unified Payments' system in an infringing manner as described above. Upon information and belief, Unified Payments has specifically intended that its customers use its system in a manner that infringes at least Claim 1

of the '286 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least Claim 1 of the '286 Patent, as described above. Even where use of systems required to infringe at least Claim 1 of the '286 Patent is accomplished by Unified Payments and Unified Payments' customer jointly, Unified Payments' actions have solely caused the use of the systems.

21.     OHVA is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

22.     OHVA will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### JURY DEMAND

23.     Under Rule 38(b) of the Federal Rules of Civil Procedure, OHVA respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, OHVA asks this Court to enter judgment against Unified Payments, granting the following relief:

A.     A declaration that Unified Payments has infringed the Patent-in-Suit;

B.     An award of damages to compensate OHVA for Unified Payments' direct infringement of the Patent-in-Suit;

C.     An order that Unified Payments and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D.      An award of damages, including trebling of all damages, sufficient to remedy Unified Payments' willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E.      An accounting for damages under 35 U.S.C. § 284 for infringement of the '286 Patent by Unified Payments, and the award of damages so ascertained to OHVA together with interest as provided by law;

F.      An accounting of all damages not presented at trial;

G.      A declaration that this case is exceptional, and an award to OHVA of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

H.      An award of prejudgment and post-judgment interest; and

I.      Such other relief as this Court or jury may deem proper and just.

Dated: January 15, 2019

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 North Broom Street, 1st Floor
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

Isaac P. Rabicoff
(*Pro Hac Vice Admission Pending*)
Kenneth A. Matuszewski
(*Pro Hac Vice Admission Pending*)
RABICOFF LAW LLC
73 West Monroe Street
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

***Counsel for Plaintiff***